02-00412
USDC/RI
Torres, E

MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-1393

CHRISTOPHER THORNTON,

Petitioner, Appellant,

v.

A. T. WALL, DIRECTOR OF RHODE ISLAND
DEPARTMENT OF CORRECTIONS,

Respondent, Appellee.

Before

Lynch, Lipez, and Howard,
Circuit Judges.

JUDGMENT

Entered: January 30, 2006

Habeas petitioner Christopher Thornton has requested a certificate of appealability ("COA") to challenge the district court's denial of the Sixth Amendment claims raised in his § 2254 petition. Having carefully considered Thornton's petition and supplemental memorandum, we conclude that the correctness of the district court's decision to deny his Sixth Amendment claims is not reasonably debatable. Thornton's request for a COA as to these claims is, therefore, denied. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Contrary to Thornton's belief, it cannot be said that it was an unreasonable application of federal constitutional law, as interpreted by the United States Supreme Court in Faretta v. California, 422 U.S. 806 (1975) and related cases, for the Supreme Court of Rhode Island to have determined, based upon its thorough consideration of the totality of the circumstances surrounding Thornton's case, that Thornton's waiver of counsel was knowing and

intelligent, even though the hearing and trial justices failed to conduct a Faretta-type colloquy and warn Thornton about the dangers and disadvantages of self-representation. See United States v. Benefield, 942 F.2d 60, 65 (1st Cir. 1991); United States v. Campbell, 874 F.2d 838, 846 (1st Cir. 1989); Maynard v. Meachum, 545 F.2d 273, 277 (1st Cir. 1976); see generally 28 U.S.C. 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 409 (2000).

Nor can it be said that it was an unreasonable application of federal constitutional law for the Supreme Court of Rhode Island to reject Thornton's claim that the trial court violated his Sixth Amendment right to self-representation by excluding him from pretrial sidebar conferences during which, Thornton alleges, the trial court conducted *voir dire* of individual jurors. As the district court correctly observed, there is no sufficient basis for inferring that any such conferences actually took place.

And finally, it cannot be said that, in deciding it was "satisfied that Thornton's exclusion from the six chambers conferences did not interfere with his Sixth Amendment right to control his *pro se* defense," the Supreme Court of Rhode Island unreasonably applied the teachings of the United States Supreme Court in Faretta and related cases, including McKaskle v. Wiggins, 465 U.S. 168 (1984).* In McKaskle, the Court explained that the "core of the Faretta right" is that "the *pro se* defendant is entitled to preserve actual control over the case he chooses to present to the jury." 465 U.S. at 178. Here, as the district court observed, Thornton made his own opening and closing statements, examined and cross-examined witnesses, successfully moved for a judgment of acquittal on the breaking and entering charge, and was able to convince the jury to acquit him on charges of first degree sexual assault, assault with a dangerous weapon in a dwelling house, assault with intent to murder, and kidnaping his daughter. In addition, Thornton filed numerous pretrial motions and, during trial, interposed numerous evidentiary objections, many of which were sustained. State v. Thornton, 800 A.2d 1016, 1025 (R.I. 2002). As such, it was not objectively unreasonable for the Supreme Court of Rhode Island to conclude that Thornton guided and controlled his own defense, even though he was excluded from in-chambers conferences. Cf. United States v. Mills, 895 F.2d 897, 904 (2d Cir. 1990).

---

* The district court reviewed this claim *de novo* because it determined that the claim had been presented to the Supreme Court of Rhode Island, but had not been adjudicated on the merits. But, to the contrary, the Supreme Court of Rhode Island did decide this claim on the merits. See State v. Thornton, 800 A.2d 1016, 1031, 1039 (R.I. 2002). Thus, AEDPA's deferential standard of review applies. See 28 U.S.C. § 2254(d)(1).

The motion for leave to file a "Pro Se Supplemental Memorandum" is GRANTED. The petition for COA is DENIED, and the appeal is terminated. The request for an appointment of appellate counsel is DENIED as moot.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________

Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

[signature]

**Deputy Clerk**

**Date:** 4/26/06

[cc: Christopher Thornton, Lauren S. Zurier, AAG]